UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-61390-CIV-SMITH

JONATHAN E. PERLMAN, Esq.,
as court appointed Receiver,

        Plaintiff,

vs.

PNC BANK, N.A.,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

This matter is before the Court on PNC Bank, N.A.'s Rule 12(b)(1) Motion to Dismiss [DE 29], Plaintiff's Response [DE 42], and Defendant's Reply [DE 47]. Additionally, with leave of Court, the Federal Trade Commission (FTC) filed an *amicus curiae* brief [DE 41] to which Defendant filed a response [DE 48]. Defendant maintains that this Court lacks subject matter jurisdiction over this action because § 13(b) of the FTC Act does not provide for monetary relief or appointment of a receiver and § 5 of the FTC Act bars Plaintiff's claims. If the Court denies Defendant's Motion to Dismiss, Defendant seeks a certification permitting it to file an immediate, interlocutory appeal. Contrary to Defendant's arguments, this Court has subject matter jurisdiction and declines to certify this matter for an immediate appeal.

I.  **BACKGROUND**

Plaintiff (the Receiver) was appointed Permanent Receiver of the Receivership Entities[1] by the United States District Court for the Southern District of Florida in an order dated May 17, 2017 (the Receivership Order) in the action *F.T.C. v. Marcus*, Case No. 17-60907-CIV-MORENO (the Enforcement Action). The Receivership Order authorizes the Receiver to "institute . . . such actions or proceedings in state, federal, or foreign courts that the Receiver deems necessary and advisable to preserve or recover the assets of the Receivership or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under [the] Order." In the Enforcement Action, the FTC and the State of Florida sued Jeremy Marcus and others alleging that the Enforcement Action defendants, including the Receivership Entities, engaged in a scheme to defraud consumers of millions of dollars through phony loans and debt-relief services in violation of federal and state law. The Receivership Entities were all business entities controlled by Marcus.

In the instant suit, the Receiver alleges that Defendant aided and abetted Marcus in

---

[1] According to footnote one in the Complaint [DE 1], the "Receivership Entities are Financial Freedom National, Inc. f/k/a Institute for Financial Freedom, Inc. and Marine Career Institute Sea Frontiers, Inc. d/b/a 321 Loans, Instahelp America, Inc., Helping America Group, United Financial Support, Breeze Financial Solutions, 321Financial Education, Credit Health Plan, Credit Specialists of America, American Advocacy Alliance, and Associated Administrative Services, 321Loans, Inc., f/k/a 321 Loans, Inc. d/b/a 321Financial, Inc., Instahelp America, Inc. f/k/a Helping America Team, Inc. d/b/a Helping America Group, Breeze Financial Solutions, Inc. d/b/a Credit Health Plan and Credit Maximizing Program, US Legal Club, LLC, Active Debt Solutions, LLC f/k/a Active Debt Solutions, Inc. d/b/a Guardian Legal Center, Guardian LG, LLC d/b/a Guardian Legal Group, American Credit Security, LLC f/k/a America Credit Shield, LLC, Paralegal Support Group LLC f/k/a Paralegal Support LLC, Associated Administrative Services, LLC d/b/a Jobfax, Cockburn & Associate LLC, JLMJP Pompano, LLC, Halfpay International, LLC, Halfpay NV, LLC, HP Properties Group, Inc., HP Media, Inc., Omni Management Partners, LLC, Nantucket Cove of Illinois, LLC, Discount Marketing USA, S.A., Viking Management Services, LLC, White Light Media LLC, Blue42, LLC, National Arms, LLC, and 110 Glouchester St., LLC, and their divisions, subsidiaries, affiliates (including but not limited to Shielded Legal Network LLC and Aegis Legal Center LLC), predecessors, successors, and assigns."

2

breaching his fiduciary duties to the Receivership Entities, Defendant aided and abetted Marcus in converting funds received by the Receivership Entities, and Defendant was the transferee of fraudulently transferred funds. The Receiver seeks to set aside the fraudulent transfers and to recover monetary damages from Defendant.

## II. DISCUSSION

Defendant maintains that this Court lacks subject matter jurisdiction over this action because (1) § 13(b) of the FTC Act, 15 U.S.C. § 53(b), does not provide for monetary relief or the appointment of a receiver; (2) § 5 of the FTC Act, 15 U.S.C. § 45, bars the Receiver's claims against Defendant; and (3) no other basis exists for subject matter jurisdiction. Because Defendant's first two arguments fail, the Court need not, and will not, address the third. In the alternative, Defendant asks that, if the Court finds that it has subject matter jurisdiction, the Court certify that an interlocutory appeal is appropriate in this matter.

### A. Section 13(b)

Defendant concedes that its argument based on § 13(b) conflicts with current Eleventh Circuit case law, specifically *F.T.C. v. IAB Marketing Associates, LP*, 746 F.3d 1228 (11th Cir. 2014); *F.T.C. v. Gem Merchandising Corp.*, 87 F.3d 466 (11th Cir. 1996) (holding that "[a]lthough section 13(b) does not expressly authorize courts to grant monetary equitable relief, . . . the unqualified grant of statutory authority to issue an injunction under section 13(b) carries with it the full range of equitable remedies, including the power to grant consumer redress and compel disgorgement of profits."); and *F.T.C. v. U.S. Oil & Gas Corp.*, 748 F.2d 1431 (11th Cir. 1984). Furthermore, a challenge to the Eleventh Circuit's existing interpretation of § 13(b), cited by Defendant in its papers, was recently rejected by the Eleventh Circuit. In *F.T.C. v. Simple Health*

*Plans, LLC*, -- Fed. App'x --, 2020 WL 570811, Case No. 19-11932 (11th Cir. Feb. 5, 2020),[2] the Eleventh Circuit affirmed the district court's order granting a preliminary injunction and appointing a receiver, both pursuant to § 13(b) and existing Eleventh Circuit precedent. In that case, the appellant also argued that the FTC lacks authority to seek disgorgement or restitution because such monetary remedies constitute "legal remedies" and "punitive measures" unavailable under § 13(b). *Id.* at *2. The Eleventh Circuit rejected this argument. *Id.* Thus, because this Court is bound by Eleventh Circuit case law as it exists, not as Defendant believes it may become, the Court will not address further Defendant's arguments based on § 13(b) of the FTC Act.

### B. *Section 5*

Defendant maintains that this action is precluded by § 5 of the FTC Act because the statute specifically exempts banks from the FTC's enforcement jurisdiction for unfair and deceptive practices claims. Section 5 of the FTC Act states, in pertinent part:

> The Commission is hereby empowered and directed to prevent persons, partnerships, or corporations, except banks, savings and loan institutions described in section 57a(f)(3) of this title, Federal credit unions described in section 57a(f)(4) of this title . . . from using unfair methods of competition in or affecting commerce and unfair or deceptive acts or practices in or affecting commerce.

15 U.S.C.A. § 45(a)(2). Defendant argues that because banks are excluded from the FTC's jurisdiction, the Receiver, appointed pursuant to § 13(b) of the FTC Act, cannot have the power to sue a bank if the FTC does not. Defendant, however, concedes in its Motion that it has found no cases supporting this argument. In response, the Receiver argues that § 5 addresses the FTC's agency jurisdiction, not this Court's subject matter jurisdiction. The Receiver further argues that if § 5 prevents a receiver from demanding records and the turnover of funds from financial

---

[2] In its papers, Defendant refers to this case by the name *Dorfman v. F.T.C.*

4

institutions where receivership entities banked, a receiver would be prevented from doing some of the most basic functions of the job. The FTC makes arguments similar to those of the Receiver.

The plain language of § 5 ("[t]he Commission is hereby empowered . . .") makes it clear that it is about the power of the FTC. This case is not brought by the FTC; it was brought by a court-appointed receiver who is carrying out the dictates of the appointing court, as expressed in that court's orders. Further, the Receiver brings the claims in this suit on behalf of the Receivership Entities, not the FTC, and the claims are brought pursuant to state law, not the FTC Act. Thus, there is nothing in the language of § 5 that prevents the Receiver from bringing these claims. Other language in § 5 supports reading the statute as only addressing the power of the Commission. Subsection (b) addresses proceedings by the Commission when it believes that a "person, partnership, or corporation has been or is using any unfair method of competition or unfair or deceptive act or practice in or affecting commerce." 15 U.S.C. § 45(b). Consequently, this Court does not lack subject matter jurisdiction over the Receiver's claims.

### C. *Interlocutory Appeal*

Defendant requests that, pursuant to 29 U.S.C. § 1292(b), this Court certify that an immediate appeal of this order is warranted because this Order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The statute creates "a high threshold for certification." *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1359 (11th Cir. 2008). Here, that threshold has not been met because Defendant has not established that there is a "substantial ground for difference of opinion." *See Barkley v. Pizza Hut of Am., Inc.*, Case No. 6:14-cv-376-Orl-37DAB, 2015 WL 12826455, * (M.D. Fla. Oct. 15, 2015) (stating that the "'substantial ground for difference of opinion' requirement is not met when

5

the district and appellate court are in 'complete and unequivocal' agreement.") (quoting *Burrell v. Bd. of Trustees of Ga. Military College*, 970 F.2d 785, 789 (11th Cir. 1992)). As set out above, and despite the recent Seventh Circuit opinion on which Defendant's arguments heavily rely, *F.T.C. v. Credit Bureau Ctr., LLC*, 937 F.3d 764 (7th Cir. 2019), the Eleventh Circuit recently reaffirmed its position regarding § 13(b) in *F.T.C. v. Simple Health Plans, LLC*, -- Fed. App'x --, 2020 WL 570811. Further, there is no "difference of opinion" regarding the interpretation of § 5 because there is no case law suggesting the interpretation raised by Defendant. Consequently, Defendant has failed to meet its burden under § 1292(b) and, therefore, the Court will not certify these issues for immediate appeal.

Accordingly, it is

**ORDERED** that PNC Bank, N.A.'s Rule 12(b)(1) Motion to Dismiss [DE 29] is **DENIED**.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 4 day of March, 2020.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record